REYNOLDS *v.* BOUNDS.

5-3332

383 S. W. 2d 496

Opinion Delivered November 9, 1964.

*Mahony & Yocum,* for appellant.

*Brown, Compton & Prewett,* for appellee.

JIM JOHNSON, Associate Justice. This suit resulted from a collision between a passenger car and a pick-up truck being driven to a service station for servicing by the service station operator. At the time of the collision appellants Jim Reynolds, S. P. Reynolds and C. W. Williams, doing business as Reynolds & Williams Contractors and Construction Company, were engaged in widening and resurfacing part of Highway 167 near El Dorado. On Saturday morning June 12, 1961, the superintendent of appellants' concrete work, Gordon Smith, drove into El Dorado. After completing other business, Smith went to the service station of John H. Davidson, where Smith had been having appellants' automotive equipment serviced for the past few weeks. He asked Davidson to wash, grease and change oil in the truck and asked if the truck could be ready by 12:00 or 1:00 P.M. Davidson then, either at his suggestion or Smith's request, rode with Smith several miles out of El Dorado toward appellants' job site, where Smith

turned the truck over to Davidson. En route to his service station, Davidson collided with a car belonging to appellees C. R. Bounds and Gloria Bounds, his wife, and driven by Mrs. Bounds.

On September 27, 1961, appellees filed suit in Union Circuit Court, Second Division, against Davidson and appellants. Appellees alleged that Davidson was acting as the agent, servant and employee of appellants, that Davidson was driving appellants' truck and at a certain location negligently lost control of the truck and collided with Mrs. Bounds' automobile. The complaint alleged in detail the particulars of Davidson's negligence, the extent of Mrs. Bounds' injuries and the damages to both Mr. and Mrs. Bounds. On November 1st, the complaint was amended to join Gordon Smith as a party defendant and to allege that appellants' truck was in the custody and possession of appellants' employee, Gordon Smith, that at the time of the collision Davidson was acting as an agent, servant and employee of appellants or of Smith.

In their answer appellants and Smith denied the complaint and pleaded contributory negligence of Mrs. Bounds. On May 24, 1962, their answer was amended to allege, *inter alia,* that at all times since delivery of the truck to Davidson for servicing he was a bailee and independent contractor, and not an agent, servant or employee of appellants and Smith. Davidson answered separately by general denial, and on May 29, 1963, Davidson's answer was amended to allege that the collision was the result of unavoidable accident. After a slight shuffling of attorneys and judges (one of appellees' original attorneys having become circuit judge, the other being joined by Davidson's original attorneys as partners and thus now representing appellees, and Davidson having acquired other counsel prior to trial), and the circuit judge and chancellor exchanging circuits, the case was brought to jury trial on October 29, 1963. At the close of all the evidence the court on motion directed a verdict in favor of Gordon Smith. After deliberation the jury returned a verdict for appellees against

Davidson and appellants. From judgment on the verdict, appellants have prosecuted this appeal. Davidson did not appeal the judgment against him.

For reversal, appellants rely on two points: (1) the trial court erred in overruling appellants' motion for a directed verdict, and (2) the trial court erred in refusing to give appellants' requested instruction No. 2 (which read: "The evidence is not sufficient to entitle the plaintiffs to recover damages in any amount against the defendants . . . Reynolds & Williams and you will return a verdict for said defendants.").

Appellants urge that *Andrews* v. *Bloom*, 181 Ark. 1061, 29 S. W. 2d 284, is squarely in point and controlling of this case. In that case an automobile owner's (Andrews') wife telephoned their usual auto repairman and asked that her husband's car be picked up at their home for servicing, which the garage did as an accommodation to regular customers. The garageman sent two of his regular employees to get the car and on the way back to the garage the one driving (Gullett) collided with Bloom. This court held that Gullett received his instructions from the garage owner, was subject to his direction and control, was therefore the servant of the garage owner and not Andrews, the car owner, and reversed and dismissed the suit against Andrews.

Appellees urge, on the other hand, the law applicable here is represented by the recent case, *Campbell* v. *Bastian*, 236 Ark. 205, 365 S. W. 2d 249. In this case Campbell's car was parked near the home of one Ellis. Campbell called Ellis and asked him to bring the car to his (Campbell's) home, which Ellis proceeded to do. As Ellis was turning into Campbell's drive, he collided with Bastian's truck, who sued Campbell for the damages. The trial court instructed the jury that Ellis was the agent of Campbell at the time of the collision and on this point, *inter alia*, Campbell appealed. This court held that, "When an owner asks another person to drive a vehicle for him to a certain place and such requested person undertakes to comply with the request and is on the

prescribed route, it is clear, as a matter of law, that the driver in such a situation is acting as the agent of the owner and not as a bailee of the vehicle. Because of Campbell's testimony as herein quoted, we find no error committed by the trial court in declaring as a matter of law that Ellis was the agent of Campbell.''

These apparently divergent views brings us to the review of a number of references including 35 ALR 2d 804, ''Liability of owner of motor vehicle for negligence of garageman or mechanic.'' In Section 7 of the annotation on picking up and delivering cars it is said in general that ''an automobile owner is not liable for damage caused by his automobile when being picked up for transportation to a garage for storage or service, or when being returned to the owner, through the negligence of an employee of the garage, such employee being regarded as the servant of the garage operator rather than the car owner,'' citing *Andrews* v. *Bloom, supra.*

In general on an owner's liability for damage caused by his car while it is being serviced or repaired, 35 ALR 2d 804 states:

''In the great majority of cases involving negligent operation of a car by service personnel in connection with the work for which it has been placed in their custody, the courts have held that the owner is not liable.

''This result is generally reached on the theory that the service establishment becomes the bailee of the car as an independent contractor, since the owner is concerned only with the results of the work and not with the detailed manner in which it is carried out.''

Review of a number of cases wherein motor vehicle owners were or were not found liable for the negligence of a garageman or his employee reveals that liability of an owner depends on his legal relationship with the garageman or his employee at the time of the accident, and this relationship is usually a question of fact.

To clarify this abstruse statement are some examples:

A delivers his car to B's garage and leaves it there for servicing, planning to pick it up later. This is a simple bailment and A would not be liable for damage caused by his car through the negligence of B or one of B's employees. 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 578, p. 132.

When the car has been serviced, A calls C who works near the garage and asks C to drive his (A's) car home. C does so and causes an accident. This is simple agency; no bailment involved. A is liable for damages from C's negligence. *Campbell* v. *Bastian, supra.*

Or, when the car has been serviced, A calls D, an employee of B's garage, who has just gone off duty, and persuades D to deliver the car to A. B's policy is never to deliver cars. D, however, undertakes to do so, even though he has no driver's license, and causes an accident. Here D, acting entirely without B's authority, was A's servant and A was therefore liable for his negligence. *Marron* v. *Bohannan,* 104 Conn. 467, 133 Atl. 667, 46 ALR 838.

Next time the car needs servicing, A calls B and asks B to pick up the car at A's home and take it to B's garage for servicing, as B frequently does for regular customers. B sends an employee, C, for A's car, who picks up the car and has an accident on the way to the garage. Since C is entirely under the direction and control of B, A is not liable for C's negligence. *Andrews* v. *Bloom, supra; Luckett* v. *Reighard,* 248 Pa. 24, 93 Atl. 773, Ann. Cas. 1916A, 662.

Next time, A asks B to pick up the car and do some errands for A on the way back to the garage. B causes an accident while engaged in A's errands. While doing A's errands B is subject to A's direction and control and A is therefore liable for B's negligence. This would also be true where A sent C, B's employee, on an errand for A and C caused an accident. *Gordon* v. *Peters,* 313 Ill. App. 261, 39 N. E. 2d 680.

A, car owner, stores his car by the month at B's garage. B had stipulated that any delivering of A's car must be at A's risk. A drove up to B's garage one day and C, B's employee, got into the car and drove or rode off with A, apparently to deliver A home. Returning to the garage in A's car, C has an accident. Since C was subject to the direction and control of A, A is liable for C's negligence. *Holloway* v. *Schield,* 294 Mo. 512, 243 S. W. 163, 22 NCCA 310.

A arranges with B, who owns the storage garage where A stores his car, to pay B so much an hour to have one of B's employees, C, chauffeur A. Although A pays B for C's services, C, who is subject to A's direction and control, is A's servant, and A is liable for C's negligent auto operation while chauffeuring A. *Jimmo* v. *Frick,* 255 Pa. 353, 99 Atl. 1005.

In one case difficult to reconcile and apparently contra to *Andrews* v. *Bloom, supra,* A delivered his car to B for repairs. B was a bailee for that purpose. B did not deliver cars for his customers, except occasionally for A as a favor or accommodation. The Missouri court held that while the car was being repaired, B was a bailee, but that when he delivered it as an accommodation, without charge and not as a usual matter, B was A's servant in making the delivery. *Andres* v. *Cox,* 223 Mo. App. 1139, 23 S. W. 2d 1066.

And so we reach the case at bar. We have no doubt that at the garage Davidson was bailee of appellants' truck as an independent contractor. And we have no doubt that appellants could have made Davidson their agent for some purpose during the course of delivering the truck to his garage. But did they? The issue resolves itself simply to whether there was sufficient evidence of agency (rather than bailment) to create a jury question. In this particular instance we think not. The tone of all the testimony on this point convinces us that Davidson was simply accommodating a fairly new customer who had still other trucks and equipment which would require servicing. Davidson testified that he frequently

delivered cars for his customers as an accommodation when asked, although he didn't advertise the fact; and did not customarily go out of the city limits to pick up or deliver a car. Davidson further testified that in the instant case he wanted the business and was willing to accompany Smith and bring the truck back; that he was going out there (past the city limits) and bring it back for the profit he could make off the wash, grease and oil change, and he didn't ask how far he had to go to get the job. It is undisputed that Smith gave Davidson no instructions relative to the return trip and that the purpose of the return trip was solely to accomplish the servicing job.

Appellee makes a commendable but strained effort to draw a fine line between the work to be done at the station and the trip back to the station, conceding in effect that during work at the station a bailor-bailee relationship would have existed, while contending that on the trip back to the station an agency relationship obtained, and cites *Andres* v. *Cox, supra.* This Missouri case is interesting and would be most persuasive if this question were a matter of first impression in this jurisdiction. We are bound, however, by our own rule expressed in *Andrews* v. *Bloom, supra,* which stands for the proposition quoted as the general rule in 35 ALR 2d 804, § 7, set out above, and upon considered reflection thereof we believe this to be the better rule. Applying this rule to the facts in the case at bar, there is no evidence that any other relationship than a bailment was created when Smith delivered possession of the truck to Davidson.

Reversed and dismissed.