C. R. Bounds et ux *v.* Travelers Ins. Co.

5-4237                                    416 S. W. 2nd 298

Opinion delivered June 5, 1967

·[Rehearing denied July 26, 1967.]

*Brown, Compton & Prewett,* for appellant.

*Mahony & Yocum,* for appellee.

George Rose Smith, Justice. This case is a sequel to *Reynolds* v. *Bounds,* 238 Ark. 610, 383 S. W. 2d 496 (1964), where the facts are fully stated. In the present case the trial court entered a summary judgment in favor of the defendant, Travelers Insurance Company, on the theory that in the earlier case the controlling issue of fact had been established adversely to the appellants, Mr. and Mrs. Bounds. We agree with that conclusion.

John H. Davidson operated a service station in El Dorado. On August 12, 1961, Gordon Smith, an employee of Reynolds & Williams Contractors & Construction Company, brought one of his employer's trucks to Davidson's station for servicing. Davidson rode with Smith several miles towards Smith's job site, to a point where Smith was able to catch a ride with a fellow employee in another vehicle. As Davidson was driving the Reyn-

olds & Williams truck back to his station he collided with Mr. Bounds' car, which was being driven by Mrs. Bounds.

In the first case the Boundses sued Davidson, Smith, and Reynolds & Williams for personal injuries and property damage. The plaintiffs asserted that Davidson was acting as an agent, servant, or employee of Reynolds & Williams when the collision occurred. Davidson testified that he, in common with other service station operators in El Dorado, customarily accommodated his patrons by driving their vehicles to or from the station. No extra charge was made for that service.

Mr. and Mrs. Bounds recovered judgment against Davidson and Reynolds & Williams for $23,500. On appeal we set aside the judgment against Reynolds & Williams, holding that at the time of the collision Davidson was a bailee of the truck and was not acting as a servant or employee of Reynolds & Williams. In the opinion we said: "Appellee[s] [make] a commendable but strained effort to draw a fine line between the work to be done at the station and the trip back to the station, conceding in effect that during the work at the station a bailor-bailee relationship would have existed, while contending that on the trip back to the station an agency relationship obtained." We rejected that theory.

In the present case Davidson sued Travelers Insurance Company, which was the liability insurance carrier upon the Reynolds & Williams truck. The Boundses were joined as defendants. Davidson asserted that he was driving the truck with the permission of Reynolds & Williams and was therefore an insured within the terms of the policy. Travelers pleaded as its defense an exception in the policy by which coverage was not extended to "any person . . . operating . . . [a] service station, . . . with respect to any accident arising out of the operation thereof."

Travelers filed a motion for summary judgment, attaching a transcript of much of the testimony taken in

the earlier litigation. Travelers also filed affidavits to show that it had defended the case for Reynolds & Williams but had refused Davidson's request that it defend the case for him as well. In response to the motion Davidson filed an affidavit stating that the accident did not arise out of the operation of his service station; that he was returning the truck as an accommodation to Reynolds & Williams and Smith; that he received no compensation for the accommodation; and that it was contrary to his usual business practice. That final assertion was explained by his testimony in the first case; he said that he did not ordinarily go beyond the city limits in accommodating his customers.

On the particular facts of this case the court was right in granting the motion for a summary judgment, as there is no disputed question of fact. Mr. and Mrs. Bounds, who alone have appealed, bolster their argument by suggesting a hypothetical situation in which the first litigation might leave one or more issues unanswered. But that is not the case now before us. In *Reynolds* v. *Bounds, supra,* there were only two possibilities: Either Davidson was driving the truck as a servant or employee of Reynolds & Williams or he was driving it as a bailee in the course of his own business. We held the latter to be true. No third possibility has ever existed. Hence the accident arose out of the operation of the station; so Davidson was not covered by the policy.

While Travelers was of course not named as a defendant in the first case, it was actually a real party in interest. A similar question arises when an injured plaintiff sues either a master or his servant for the latter's negligence and when it is conceded that the servant was acting in the scope of his employment and that there is no basis except *respondant superior* for the master's liability. In that situation if the plaintiff loses his first suit against either the master or the servant he cannot maintain a second suit against the other. *Davis* v. *Perryman,* 225 Ark. 963, 86 S. W. 2d 844 (1956). The reason,

as we pointed out in *Frisby* v. *Hurley*, 236 Ark. 127, 364 S. W. 2d 801 (1963), is that the plaintiff has had his day in court on the issue of the servant's negligence and is not entitled to a second trial upon that exact issue.

The precise question now before us was considered in *Berry* v. *Travelers Ins. Co.*, 118 N. J. L. 571, 194 Atl. 73 (1937), where the outcome in the first case had been the same as it was here and where the service station operator sued Travelers upon a policy like this one. The court held on a motion to strike the complaint, which we take to be the equivalent of a demurrer, that the claim was barred by the exclusion of accidents arising out of the operation of the service station and that the operator was not entitled to retry the question of his agency for the owner of the vehicle. We think that decision to be sound.

Affirmed.