**Debra Kay HENSON, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 79–1767.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1980.

Decided May 2, 1980.

Robert G. Gilder, Southaven, Miss., for appellant.

Dan M. Burge, Reid, Burge & Prevallet, Blytheville, Ark., for appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and HARPER, District Judge.[*]

HENLEY, Circuit Judge.

This diversity case which involves a policy of automobile liability insurance issued by the defendant, Liberty Mutual Insurance Company (Liberty Mutual), is before us on appeal by plaintiff, Debra Kay Henson,

---

[*] The Honorable Roy W. Harper, United States Senior District Judge, Eastern District of Missouri, sitting by designation.

from a judgment in favor of the defendant entered by the United States District Court for the Eastern District of Arkansas, The Honorable William R. Overton, District Judge. At the conclusion of trial to the court without a jury the judge announced from the bench oral but full and adequate findings of fact and conclusions of law, and caused a judgment dismissing the complaint to be entered. This appeal was timely taken.

The accident out of which this suit arose took place on October 27, 1973 and involved an automobile in which certain members of the Henson family, including Debra Kay Henson, were riding and a truck that was being road tested after repair by Kenneth Peterson, the son of Calvin Peterson who at the time was operating a garage and automobile repair shop in the City of Blytheville, Mississippi County, Arkansas. This truck and others were owned by Glenn Lynch and had been leased by him to Blytheville Canning Company. The policy involved in the case, which was in force at the time of the accident, had been issued to the Canning Company by Liberty Mutual and covered this truck and others that had been leased by the Canning Company from Glenn Lynch.

The policy was a standard form automobile insurance policy. It contained the usual "omnibus insured" clause and also certain standard exclusions including an exclusion from coverage of an insured vehicle while that vehicle was in the possession of, or being operated by, a garageman or automobile repairman in connection with his business, and the exclusion extended to employees of the garageman or repairman.

The accident resulted in the death of one of the Hensons and in injuries to other members of the family, including Debra Kay Henson.

In 1975 three suits were filed by the Hensons, including Debra Kay, in the Circuit Court of Mississippi County, Arkansas, Chickasawba District. Relying on the exclusion that has been mentioned, Liberty Mutual denied extrajudicially that it had any obligation to defend the cases or to pay

any judgments that might be rendered therein.

There were three defendants, Kenneth and Calvin Peterson and Marion Lindsey who apparently was alleged to be a partner of Calvin Peterson in the operation of the business known as Lindsey & Peterson Service Center.

The consolidated cases came on for hearing in the circuit court on January 10, 1977. In the meantime the two Petersons had filed voluntary petitions in bankruptcy and had been adjudicated. In connection with the adjudication the bankruptcy judge entered an order enjoining creditors of the bankrupts from initiating or prosecuting legal proceedings against· the bankrupts pending adjudication or dismissal of the petitions. There seems to be no question that the plaintiffs in the state court and probably Liberty Mutual, as well, were aware of the filing of the petitions and of the entry of the injunctive orders of the bankruptcy court.

In spite of those proceedings, plaintiffs persisted in the prosecution of their suits in the circuit court. The circuit court held a hearing on January 10, 1977. Counsel for the Petersons referred to the bankruptcy proceedings and announced that he would offer no proof. The circuit judge considered the materials submitted to him. He concluded that the complaints against Marion Lindsey should be dismissed, and that was done. As to the Petersons, the circuit judge found that the respective plaintiffs were entitled to recover against those defendants in varying amounts, and that Debra Kay Henson was entitled to a recovery in the principal sum of $100,000.00.

The circuit court judgment was entered on January 25, 1977, and this suit was filed on March 4, 1977. Named as defendants were Liberty Mutual and Blytheville Canning Company. However, the complaint against the Canning Company was later dismissed. In due course the Petersons, father and son, were granted discharges in bankruptcy.

The position of the plaintiff was, and is, that the exclusion in question was void as against public policy and that in any event it should not be applied to this case because the Peterson garage and repair shop was not a bona fide independent business but was the mere alter ego of the Canning Company, and that the separate entities of the two businesses should be ignored.

Liberty Mutual denied the validity of those contentions and also relied on the bankruptcy proceedings that have been mentioned.

The district court rejected the contention of Liberty Mutual based on the Peterson bankruptcies but held that the exclusion in question was valid, and that it was applicable to this case. Judge Overton held specifically that the Peterson garage and repair shop was a bona fide business separate from the Canning Company, that it was not a sham, and that the situation was not changed by the fact that the Canning Company was the principal customer of the Petersons.

The policy provision relied on by the defendant excluded from coverage any person while employed or otherwise engaged in duties in connection with an automobile business other than one operated by the named insured. And, "automobile business" was defined so as to include the business or occupation of selling, repairing, servicing, storing or parking of automobiles.

The subject of the exclusion in question is discussed in an annotation appearing in 47 A.L.R.2d 556 (1956). The question of the validity of the exclusion involved here was one of Arkansas law, and the validity of such an exclusion was expressly recognized a number of years ago by the Supreme Court of Arkansas in *Bounds v. Travelers Ins. Co.*, 242 Ark. 787, 416 S.W.2d 298 (1967).

The question of whether the Peterson operation was a garage or repair business independent of the business of the Canning Company or whether it was a mere extension of the business of that company was essentially factual. The finding of the district court adverse to the plaintiffs has substantial evidentiary support and is not clearly erroneous. We accept it. Fed.R. Civ.P. 52(a).

On the bankruptcy phase of the case, the trial judge found that the Peterson bankruptcies constituted a mere sham or subterfuge, and that Liberty Mutual was probably a party to it if not the actual instigator of it.

In view of our holding that the district judge correctly upheld and applied the exclusion that has been mentioned, we find it unnecessary to pass upon his holding on the bankruptcy phase of the case.[1]

The judgment of the district court is affirmed.

---

1. It would have been better for the plaintiff to have applied to the bankruptcy court for vacation of the stay order that had been issued automatically and not simply to have ignored the bankruptcy proceeding and to have pushed the tort claim to judgment in the circuit court. See in this connection our overall discussion of the problem in *Wood v. Fiedler*, 548 F.2d 216 (8th Cir. 1976).