Kimberly GREEN *v.* NATIONAL HEALTH LABORATORIES, INCORPORATED; Fort Smith Medical Laboratory; Dr. Gerald A. Stoltz, Jr., M.D.; and Dr. Craig A. Ferris, M.D.

93-599                                    870 S.W.2d 707

Supreme Court of Arkansas
Opinion delivered February 14, 1994

*Joel W. Price*, for appellant.

*Hardin, Jesson, Dawson & Terry*, by: *Robert T. Dawson* and *Carol Woods Frazier*, for appellee National Health Laboratories.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Charles R. Ledbetter* and *Gill A. Rogers*, for appellee Stolz.

*Bassett Law Firm*, by: *W. Dale Garrett*, for appellee Ferris.

DAVID NEWBERN, Justice. This is a medical malpractice case. Kimberly Green appeals from a summary judgment in favor of an entity named "National Health Laboratories, Incorporated," a Delaware Corporation, which uses the fictitious name, "Fort Smith Medical Laboratory." For the remainder of this opinion we will refer to that appellee as "the Laboratory." Also sued were Doctors Gerald A. Stolz, Jr., and Craig A. Ferris. Summary judgment was also entered in favor of each of the doctors, and they are also appellees. The summary judgment was based on the statute of limitations for medical malpractice, Ark. Code Ann. § 16-114-203 (Supp. 1993). We hold the evidence presented on

the issue of whether the statute of limitations barred the claim did not entitle the defendants to a summary judgment.

Affidavits, discovery responses, and pleadings before the Trial Court revealed these facts. In April 1990 Ms. Green, aged 19, visited Dr. Durmon who performed a pap-smear. The doctor sent slides from this examination to the Laboratory for evaluation. Dr. Ferris, on behalf of the Laboratory, reported a need for further examination. Dr. Durmon then performed a colposcopy on Ms. Green, and the results were forwarded to the Laboratory for evaluation.

The results of the colposcopy were examined by Dr. Stolz who concluded the colposcopy detected signs of microinvasive squamous cell carcinoma. Dr. Stolz conferred with Dr. Ferris, his colleague at the Laboratory, who on April 27, 1990, agreed with Dr. Stolz's opinion. The doctors also agreed to recommend a more invasive conization biopsy of the cervix be performed in order to evaluate the degree of cancer present.

The one-page document stating the diagnosis and recommendation is dated "4-26-90," and it also has this notation at the bottom of the page, "D/T: 4-30-90 CH." The record suggests that "D/T" means "date of transcription." The record does not show when the report was mailed to Dr. Durmon; however, there is evidence that he received it on May 1, 1990.

Ms. Green underwent a conization biopsy of the cervix in May 1990. The results of this biopsy showed the diagnosis from the preceding examinations was in error. No carcinoma was present. Ms. Green, who has since married, alleges the conization surgery was unnecessary and will prevent her from becoming pregnant or from sustaining pregnancy.

The record shows that counsel for Ms. Green gave the Laboratory and Doctor Stolz notice by a letter dated July 25, 1991, that unless a satisfactory settlement could be had he planned to file suit on Ms. Green's behalf, but suit was not filed until April 30, 1992. The defendants each moved for summary judgment, contending the two-year limitation provided in § 16-114-203(a) expired before April 30, 1992, and thus Ms. Green's cause of action was barred. The Trial Court granted the motions.

### 1. Summary Judgment

A party moving for summary judgment must show "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c). All proof must be considered in a light most favorable to the non-moving party, and any doubts or inferences must be resolved against the moving party. *Tullock* v. *Eck*, 311 Ark. 564, 845 S.W.2d 517 (1993).

The sole issue before us is whether the evidence showed that Dr. Stolz, Dr. Ferris, and the Laboratory were entitled to judgment as a matter of law because the claim against them was barred by the statute of limitations.

### 2. The statute

Section 16-114-203 provides, in pertinent part:

(a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

(b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time.

. . .

"Medical injury," as defined by Ark. Code Ann. § 16-114-201(3) (1987), includes "any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider, whether resulting from negligence, error, or omission in the performance of such services . . . ."

We have consistently interpreted the limitation in § 16-114-203 strictly, commencing the two year period from the date of the act of alleged malpractice. *See Tullock* v. *Eck, supra; Treat* v. *Kreutzer*, 290 Ark. 532, 720 S.W.2d 716 (1986). While we have adopted the continuous treatment doctrine, *Lane* v. *Lane*, 295 Ark. 671, 752 S.W.2d 25 (1988), we have refused to recognize other doctrines which would ameliorate the strictness of the requirement. *See Owen* v. *Wilson*, 260 Ark. 21, 537 S.W.2d 543

(1976)(rejection of the continuing tort theory); *Williams* v. *Edmondson*, 257 Ark. 837, 520 S.W.2d 260 (1975)(rejection of the discovery rule).

To address this appeal we need not consider those doctrines. Ms. Green contends Dr. Stolz and Dr. Ferris negligently made an erroneous recommendation of the surgery which she contends injured her after an erroneous reading of the results of the colposcopy. When, in the language of the statute, did this alleged "wrongful act" occur?

While the allegedly negligent reading of the specimen occurred, according to the proof, on April 26 and 27, 1990, it was apparently not transcribed or mailed until thereafter. The recommendation for the additional surgery, according to the report, was to aid in the diagnostic process. The language of the "comment" portion of the report was as follows:

> In the biopsy specimen from the 11 o'clock area of the cervix, original and deeper sections show at least the presence of microinvasive squamous cell carcinoma. The possibility of a deeper degree of invasion is suggested in one of the sections. A cervical conization is recommended prior to definitive therapy to evaluate the depth of actual invasion.

The conization, which allegedly caused the injury, was done, and the resulting tissue was evaluated by a pathologist at St. Edward Mercy Medical Center. No carcinoma was found. That finding was confirmed by a pathologist at Massachusetts General Hospital.

In addition, evidence was presented that Dr. Stolz, in a telephone conversation with Dr. Durmon which must have occurred after May 1, 1990, the date Dr. Durmon received the report, discussed the matter further and reported that, like Dr. Durmon, he was surprised by the diagnosis contained in his report but had confirmed it with his "partners."

Under these circumstances, we regard the allegedly negligent recommendation and the communication of it as being part of the "act" of the pathologists in the "course of providing the professional services being rendered" which allegedly injured Ms. Green. As the evidence showed that the communication of

the recommendation occurred less than two years prior to the filing of the action, we cannot say the action is barred and that, in the words of Rule 56(c), the defendants were entitled to a judgment as a matter of law.

Reversed and remanded.

CORBIN, J., concurs.

HAYS, J., dissents.

DONALD L. CORBIN, Justice, concurring. I agree with the majority opinion. I concur only to emphasize that the doctrine of continuing treatment, which we adopted in *Lane* v. *Lane*, 295 Ark. 671, 752 S.W.2d 25 (1988) requires the accountability of pathologists and other diagnostic disciplines upon which a treating physician relies. For persuasive authority directly on point, I refer the reader to *Fonda* v. *Paulsen*, 363 N.Y.S.2d 841 (N.Y. App. Div. 1975).

STEELE HAYS, Justice, dissenting. I believe appellant's asserted cause of action for medical malpractice had expired under the provisions of Ark. Code Ann. § 16-114-203 (Supp. 1991) when suit was filed on April 30, 1992. Appellees were notified of the claim on July 25, 1991, some nine months before suit was filed, but for some unexplained reason the action was not filed within the time allowed. I believe the trial court ruled correctly and should be affirmed.