Thomas Craig KELLER *v.* SAFECO INSURANCE COMPANY of America

93-1301                                      877 S.W.2d 90

Supreme Court of Arkansas
Opinion delivered June 13, 1994
[Rehearing denied July 11, 1994.]

*Snellgrove, Laser, Langley, Lovett & Culpepper*, by: *Todd Williams*, for appellant.

*Butler, Hickey & Long*, by: *Fletcher Long, Jr.*, for appellee.

DAVID NEWBERN, Justice. Thomas Craig Keller, the appellant, is the owner of an airplane insured by the appellee, Safeco Insurance Company of America (Safeco). The insurance policy has two "deductible" provisions. One of them, 10% of the amount of insurance, is to be applied to an injury to the airplane which occurs when the airplane is "in motion." The airplane is insured for $140,000, so the deductible under that provision is $14,000. The other, a flat $1,000 deductible, is to be applied when injury occurs when the airplane is "not in motion."

An accident occurred, and Safeco declined to pay for the injury to the airplane on the ground that it was moving and the

damage amount, $9,650, was less than the $14,000 deductible. Mr. Keller claimed the lesser deductible applied and sued Safeco for the cost of repair less $1,000. The Trial Court granted Safeco's motion for summary judgment. The Court of Appeals affirmed by a tie vote. *Keller* v. *Safeco Ins. Co. of America*, 44 Ark. App. 23, 866 S.W.2d 419 (1993). We reverse and remand the case. Summary judgment was inappropriate because there was a genuine issue of material fact remaining to be decided. Ark. R. Civ. P. 56(c). The policy was ambiguous in its definitions provisions which determine the issue, thus the question of the intent of the parties to the insurance agreement should have been tried as a question of fact.

Depositions presented with the motion for summary judgment and response showed that, on the day the accident occurred, Mr. Keller had been flying the plane and was taking a lunch break. He noticed a storm developing. He returned to the airplane and attempted to taxi to a tie-down area. Approximately five feet from the end of the tie-down chain all three wheels of the airplane sank in mud stopping the airplane. He revved the engine in an attempt to free the wheels but realized the attempt was fruitless and turned off the ignition.

About three seconds after he turned the key, a gust of wind lifted the tail of the airplane and smashed the nose of the plane into the gravel while the propeller was turning. Some witnesses described the turning of the propeller as the result of momentum remaining after the engine had been shut down. Mr. Keller said the propeller was "windmilling."

The insurance contract has a definitions subsection entitled, "Motion—Not in Motion." It provides, "The aircraft shall be deemed 'in motion' when moving under its own power, or momentum therefrom. The aircraft shall be deemed 'not in motion' under all other circumstances."

"Aircraft" is defined in the policy as follows:

"Aircraft" means the airplane or rotorcraft described herein and shall include the engines, propellers, rotor blades, tools and repair equipment therein which are standard for the make of the type of the aircraft, and operating and navigation instruments and radio equipment usually attached to the aircraft, including parts temporarily detached and not replaced by other similar parts.

According to Safeco, as the propeller was in motion and is included in the definition of "aircraft," the aircraft was in motion under the terms of the contract and the $14,000 deductible was correctly applied. To support its position, Safeco relies primarily on *Ranger Ins. Co.* v. *Lamppa*, 115 Ariz. App. 124, 563 P.2d 923 (1977). The Arizona Court of Appeals held that where an aircraft was damaged as a result of fire which occurred in one of the engines during a maintenance check, coverage was provided under the provision that governed loss which occurred while the aircraft was in motion or when the engine was running.

The insurance policy at issue in the Arizona case specifically referred to the operation of the engine when discussing its "in motion" coverage. The policy which covered Mr. Keller's aircraft did not have such a provision, and this Court will not read one into the contract.

The Arkansas Court of Appeals opinion in this case also mentioned in support of its decision a policy provision dealing with wind damage. That provision was not argued in the appeal, and the parties agree that it was not in effect because it was deleted by subsequent endorsement.

■ A cardinal rule of insurance law is that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. *See Cooper Tire and Rubber Company* v. *N.W. Nat'l Cas. Co.*, 268 Ark. 334, 595 S.W.2d 938 (1980). An ambiguity exists when a provision is susceptible to more than one reasonable interpretation. If there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. *Arkansas Farm Bureau Ins. Fed'n* v. *Ryman*, 309 Ark. 283, 831 S.W.2d 133 (1992). If there is a reasonable construction that may be given to the contract that would justify recovery, it is the duty of the court to adopt it. *Id.*

■ A party moving for summary judgment must show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56(c). *See Green* v. *National Health Laboratories, Inc.*, 316 Ark. 5, 870 S.W.2d 707 (1994). All proof must be considered in the light most favorable to the non-moving party, and any

doubts or inferences must be resolved against the moving party. On appeal, the court determines if summary judgment was proper based on whether the evidence presented by the movant leaves a material question of fact unanswered. *Id.*

The initial determination of the existence of an ambiguity in a contract rests with the trial court, and if an ambiguity exists, the meaning becomes a question of fact for the fact finder. *See Minerva Enter. Inc.* v. *Bituminous Cas. Corp.*, 312 Ark. 128, 851 S.W.2d 403 (1993).

The contract provisions at issue are at least ambiguous. The provision which defines "aircraft" states that it is the "airplane described herein" and "shall *include*" the propeller, radio and other items. (emphasis added). The provision concerning "motion" refers to "The aircraft . . . moving under its own power, or momentum . . . ." and could easily be construed as referring to the aircraft as a whole rather than some included part of the aircraft.

As the dissenting opinion in the Court of Appeals pointed out, it would be reasonable to assume that the risk of extensive damage to an aircraft moving as a whole is greater than the risk incurred when only some part of the airplane is in motion, thus justifying the higher deductible in that circumstance; however, the contract does not say that. The intent of the parties must be addressed as a question of fact.

Reversed and remanded.