## COLUMBIA INSURANCE COMPANY, Plaintiff,

v.

## William G. BAKER, et al., Defendants.

### No. LR–C–95–029.

United States District Court,
E.D. Arkansas,
Western Division.

Dec. 28, 1995.

Roy G. Sanders and Margaret Mary Newton, Little Rock, AR, for plaintiff.

David L. Gibbons, Russellville, AR, J. Gregory Magness, Fort Smith, AR, and Laura J. McKinnon, Fayetteville, AR, for defendants.

## ORDER

ROY, District Judge.

This case is a declaratory judgment action arising from a single vehicle automobile accident. The operator of the vehicle was using same with the permission of, and for the benefit of, its owner. In cross-motions for summary judgment, both the insurer of the driver, plaintiff Columbia Insurance Company, and the insurer of the truck's owner, Ætna Casualty and Surety Company, seek declarations that no coverages exist under their respective polices with their respective insureds. For the reasons set out below, the Court grants both motions.

### I. The Facts

Separate defendant William G. Baker was at all times pertinent to this matter an employee of Mark's Body Shop in Russellville, Arkansas, where he performs body work and painting. Mr. Baker also occasionally does auto repair work "on the side" for friends, friends of friends, relatives, etc., working out of his home garage/shop in nearby Clarksville.[1]

Through his brother, an employee of Hensel Phelps Construction Company, Mr. Baker learned that another Hensel employee, "Jessie," was looking to have repaired a company pick-up truck, which was somewhat worse for wear after having side-swiped a telephone pole. After examining the truck, Baker gave Jessie an estimate for the repair work. He also told Jessie that he would probably do the painting at Mark's Body Shop since there was a paint booth there. Baker had an understanding with his employer such that he could rent the company's paint booth and equipment and paint repaired vehicles there. Baker supplied his own paint and utilized the facilities at Mark's in this manner every six months or so.

Soon after the truck was dropped off at Baker's house a few days later, Mr. Baker began effecting minor repairs to the vehicle. After repairing one corner of the cab and a bed side panel, Baker primed those spots.

On the morning of December 2, 1992, a regular work day for Mr. Baker, he left his home to go to work in Russellville. On that day, he drove the Hensel pickup with the intention of painting same once he matched the paint. As was his custom, once in Russellville but before he got to work, Mr. Baker

---

1. Clarksville is approximately 25 miles west of Russellville.

pulled into Reid's One Stop,[2] a convenience store on Highway 7T, to purchase cigarettes and a coke.[3] When he left the vehicle, Mr. Baker admittedly left the engine running and failed to set the parking brake, though he probably put the transmission in "Park."

Shortly after entering the store, he was alerted by others that the truck was rolling out of the lot and across the street. Though he quickly gave chase, Mr. Baker was not able to prevent the truck from striking three pedestrians and smashing through a wooden fence before coming to rest against a house (and thereby causing it damage as well).

As a result of the accident, several claims for damages were made against Mr. Baker, including a lawsuit in Pope County Circuit Court styled, *Larry McElroy v. William G. Baker and Hensel Phelps Construction Company*, No. CIV-93-044. Mr. Baker, in turn made demand upon his automobile insurance carrier, plaintiff Columbia Insurance Company.

Citing an exclusionary clause in the "liability" coverage portion of Baker's policy, Policy # PA00102608, Columbia denied all claims, as well as any duty to defend Baker in the Pope County civil suit. Columbia then filed this declaratory judgment action against Baker, the several injured parties, and Hensel Phelps' automobile insurance carrier, Ætna Casualty and Surety Company, seeking a declaration from this Court that Columbia, in fact, had no duty to pay or defend.

Ætna, in turn, filed its own "Cross–Motion for Summary Judgment," asserting that it too had no liability, despite insuring the vehicle involved in the accident.[4]

## II. The Law

First, the Court specifically finds that no material facts are in dispute and that summary judgment is appropriate. Rule 56, Fed.R.Civ.P. What we have before the Court is simply a matter of interpreting two insurance contracts. The first question for the Court to consider is whether the applicable provisions of either contract are ambiguous. This is a question of law proper for the court to decide, not the finder-of-fact. The Court keeps in mind that language in an insurance contract should be construed in light of its "plain, ordinary popular sense." *CNA Ins. Co. v. McGinnis*, 282 Ark. 90, 666 S.W.2d 689 (1984).

### A. The Columbia—Baker Contract

■ It is not disputed that Mr. Baker is a "named insured" in the Columbia policy. However, in the "PART A—LIABILITY COVERAGE" portion of his insurance contract with Columbia, a section marked "EXCLUSIONS" contains this language:

A. We do not provide Liability Coverage for any person:

\* \* \* \* \* \*

6. While employed or otherwise engaged in the "business"[5] of:

  a. selling;

  b. repairing;

  c. servicing;

  d. storing, or

  e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by: a. you; b. any "family member;" or c. any partner, agent or employee of you or any "family member."

The Court finds this language to be unambiguous. Thus, the question is whether Mr.

---

2. The store is also referred to in the record as "Reid's Quick Service."

3. Like Mr. Baker did in his statement to investigators on the day of the accident, the Court uses the term "coke" generically, a reference to any soft drink, as is the Southern custom.

4. Ætna has filed a cross-motion for summary judgment despite never having filed any cross-complaint or cross-declaratory judgment pleading. However, the Court believes that Rule 56 Fed.R.Civ.P. allows for this:

(b) **For defending Party.** A party against whom a claim … is asserted or a declaratory judgment is sought may, at any time, move … for a summary judgment in the party's favor as to all or any part thereof.

5. The definition section of the policy provides that " 'Business' includes trade, profession or occupation."

Baker was "employed" or "engaged" in the business of repairing and/or servicing automobiles when the damage to the truck occurred. The Court believes the answer is clearly, yes.

Mr. Baker contracted to repair the Hensel Phelps truck and was eventually paid $800 for the job. He was "employed" to repair that vehicle in every ordinary sense of the word, just as he had been employed in times previous to fix other people's vehicles. In the course of completing the repair, Mr. Baker took the truck to Russellville for the paint work—a step which was disclosed to Hensel's representative at the outset. During that trip, the vehicle did damage to persons and property.

In opposing the motions, separate defendant McElroy argues for an extremely narrow, extremely literal interpretation of the exclusion, to wit: he says that the exclusion should only apply if the insured was literally repairing the car when the accident occurred. In other words, he argues that when Baker left the car to buy his "cokes and smokes," he was engaged in a purely personal endeavor and not fixing the car; therefore, Columbia's exclusion does not apply.

Though defendant McElroy did not cite any, there is some authority (though none known binding on this Court) for the proposition that the automobile-business exclusion will not be applied if the person doing repairs, once being given permission to drive, uses the car "on a personal lark of his own and [if] his use of the automobile was *completely unrelated to the automobile business.*" *State Farm v. Mohan*, 85 Ill.App.2d 10, 228 N.E.2d 283 (1967) (repair shop employee picked up his girlfriend with the car to be repaired and went on a tour of local nightclubs, eventually becoming involved in an accident) (emphasis added).

However, that case has been read to apply only to those cases where the business use had been completely abandoned in favor of a "personal lark." On the other hand, the exclusion has been held to apply in cases where the driver had merely deviated slightly or incidentally from his use of the vehicle in the automobile business. *See e.g., Allstate*

*Ins. Co. v. Hutcheson*, 231 Ill.App.3d 973, 173 Ill.Dec. 478, 596 N.E.2d 1357 (1992).

In the case at bar, this Court holds that Mr. Baker was engaged in the business of repairing an automobile when he was transporting the Hensel truck from his home in Clarksville to the body shop in Russellville and that briefly stopping for a coke on the way did nothing to change that. Accordingly, the automobile-business exclusion applies. Judgment will be entered for Columbia Insurance accordingly.

### B.   The Ætna—Hensel Phelps Contract

■   As stated above, Hensel Phelps' insurer, Ætna, has also moved for a declaratory finding that it has no obligation to pay. There is no dispute that Ætna's commercial automobile policy with Hensel Phelps Construction Company, Policy # 19FJ 798540 SUA, generally covers the Ford pick-up truck in question. However, Ætna argues that unambiguous language in the policy prevents Mr. Baker from being included in the definition of an "insured." The pertinent language is found in the "SECTION II— LIABILITY COVERAGE" portion of the contract, under a sub-section marked "WHO IS AN INSURED:"

The following are "insureds:"

a.   You for any covered "auto."

b.   Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

> \*     \* .     \*     \*     \*     \*

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

Ætna cites a case arising from this district in support of its claim that the exclusion should be applied here, *Henson v. Liberty Mutual Ins.*, 620 F.2d 668 (8th Cir.1980). In *Henson*, Blytheville Canning Company's fleet of trucks was insured by defendant Liberty Mutual. After one truck had been sent out for repairs, one of the garage's employees had an accident while test driving the vehicle. The injured parties sought relief from BCC since it had insured the vehicle. BCC's insurer refused to pay because its policy:

excluded from coverage any person while employed or otherwise engaged in duties in connection with an automobile business other than one operated by the named insured. And, "automobile business" was defined so as to include the business or occupation of selling, repairing, servicing, storing or parking of automobiles.

*Henson*, 620 F.2d at 670. The district court held that application of the exclusion was proper, therefore Liberty, though insurer of the truck, had no duty to pay the victims of the accident.

Based on the Court's holdings in Part II–A of this opinion, together with the authority of *Henson*, the Court holds that Ætna's coverage does not extend to cover Mr. Baker since he was engaged to, and was in the process of, repairing the pick-up truck.

### III.

In summary, the motions for summary judgment filed by Columbia Insurance and by Ætna are both granted. The Court hereby declares that neither insurance policy provides coverage relating to the accident in question.

This decision closes this case and renders moot any motions that might be pending.

IT IS SO ORDERED.