United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1274
_____

Columbia Insurance Company,      *
                                 *
        Plaintiff/Appellee,      *
                                 *
    v.                           *
                                 *
William G. Baker; Larry          *
McElroy,                         *
                                 *
        Defendants,              *   Appeal from the United States
                                 *   District Court for the Eastern
Aylene Duke, Guardian of Sammy   *   District of Arkansas.
Duke; Linda Ward; Melissa        *
Troub, as Parent and Next        *
Friend of Kelli Troub,           *
                                 *
        Defendants/Appellants,   *
                                 *
Aetna Casualty and Surety        *
Company,                         *
                                 *
        Defendant/Appellee.      *
                                 _____

            Submitted: January 16, 1997

             Filed:  March 7, 1997
                 _____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                 _____

BEAM, Circuit Judge.


    Sammy Duke, Linda Ward, and Kelli Troub were injured by a
runaway truck that defendant William Baker had been driving.  In

the present declaratory judgment action, the district court[1] ruled that insurance policies issued by Columbia Insurance Company and Aetna Casualty and Surety Company excluded coverage for this accident. Duke, Ward, and Troub appeal. We affirm.

## I.    BACKGROUND

William Baker worked at Mark's Body Shop in Russellville, Arkansas. Baker also occasionally did auto repair out of his own garage at his home in Clarksville, a city some twenty-five miles from Russellville. About every six months, Baker would rent a paint booth and equipment at Mark's Body Shop in order to do side jobs.

Toward the end of 1992, an employee of Hensel Phelps Construction Company approached Baker and asked him to do some body work on a damaged company pickup truck. Baker accepted the job, giving an estimate of $800 for the work. Baker informed the Hensel Phelps employee that he would do the initial body work at home, then finish the paint job at Mark's Body Shop.

On December 2, 1992, Baker set out for Russellville, driving the pickup. This was a regular work day for Baker, but he intended to stop at a paint store to match the paint on the truck, and to complete the paint work at Mark's Body Shop later in the day. When he arrived in Russellville, Baker stopped at a convenience store to purchase a soft drink and some cigarettes. Baker left the truck idling in the parking lot without setting the emergency brake. While Baker was in the store, the truck motored in reverse across

_____

[1]The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

the highway, ran over the victims as they walked along a sidewalk, and came to rest against a house.

Baker was insured by a liability policy issued by Columbia. Hensel Phelps owned a policy issued by Aetna, which covered the pickup. Columbia brought this declaratory judgment action, claiming that its policy excluded coverage for the accident, and alternatively claiming that Aetna was primarily liable. On motion for summary judgment, the district court concluded that both policies exclude coverage.

## II.  DISCUSSION

We review the district court's grant of summary judgment de novo.  Smith v. City of Des Moines, 99 F.3d 1466, 1469 (8th Cir. 1996).  Our interpretation of the relevant insurance policies is governed by Arkansas law, and we also review the district court's application of state law de novo.  Dupps v. Travelers Ins. Co., 80 F.3d 312, 313 (8th Cir. 1996).

Under Arkansas law, insurance exclusions must be clearly stated, and are strictly construed against the insurer.  Noland v. Farmers Ins. Co., 892 S.W.2d 271, 272 (Ark. 1995).  If an exclusion clause is ambiguous, it should be construed in favor of the insured.  State Farm Fire and Casualty Co. v. Midgett, 892 S.W.2d 469, 471 (Ark. 1995).  Whether the policy is ambiguous is a question of law for the court.  Keller v. Safeco Ins. Co., 877 S.W.2d 90, 93 (Ark. 1994).  An exclusion clause is ambiguous if it is "susceptible to more than one reasonable interpretation."  Id. at 92.

The Columbia policy issued to Baker states:

We do not provide Liability Coverage for any person:

. . .

6. While employed or otherwise engaged in the "business" of:

```
                a.  selling;        d.  storing; or
                b.  repairing;      e.  parking;
                c.  servicing;
```

    vehicles designed for use mainly on public
    highways.

Jt. App. at 183.  The policy further states that "'[b]usiness'
includes trade, profession or occupation."  Id. at 182.


     The Aetna policy provides liability coverage for damages
caused during permissive use of the Hensel Phelps pickup.  Supp.
Jt. App. at 5.[2]  It too, however, contains a clause that excludes
coverage for:


     Someone using a covered "auto" while he or she is working
     in a business of selling, servicing, repairing or parking
     "autos" unless that business is yours.


Id.


     We agree with the district court that the language of these
two clauses is unambiguous.  Both policies specifically exclude
coverage for damages caused by a person "engaged in the 'business'
of" and "working in a business of" servicing or repairing autos.
Such clauses are "intended to exclude those engaged in the business
of repairing automobiles" and are applicable to "an individual who
has undertaken to repair the insured's automobile for hire."
Couch on Insurance 2d §§ 45:1005, 45:1007 (2d ed. 1981).  The
undisputed facts of this case show that Baker is by trade an auto
body repairer.  He had on previous occasions performed paid body

_____

     [2]We reject Aetna's argument that Appellants have no standing
to challenge the district court's conclusions with respect to the
Aetna policy.  See Automobile Underwriters Corp. v. Graves, 489
F.2d 625, 627-28 (8th Cir. 1973).

                           -6-

work on his own time.  He was hired by a Hensel Phelps employee to repair the truck, gave an estimate for the work, was to be paid

$800, and in fact performed part of the work. While we do not believe that all individuals who undertake home repairs, even for pay, would be within the scope of this kind of exclusion, Baker's services in this case were more than casual, isolated acts: they were in all respects the fulfillment of a business arrangement. At the time of the accident, Baker was practicing his particular trade and performing work for which he expected to earn a profit.

Appellants argue that Baker was making personal use of the truck at the time of the accident, and so the exclusion clauses do not apply. Although there appear to be no directly relevant Arkansas cases, we are not persuaded by this argument. Baker had taken possession of the truck in order to repair it, and was driving to Russellville in order to match the paint and to use the booth at Mark's Body Shop to complete his work. Baker had informed the Hensel Phelps employee who had solicited his services that he would do the body work at home and then complete the paint job at the shop. Driving the truck from Clarksville to Russellville was a necessary and expected part of the services Baker was to perform. As the district court noted, "Baker was engaged in the business of repairing an automobile [and] briefly stopping for a coke on the way did nothing to change that." Columbia Ins. Co. v. Baker, No. LR-C-95-029, slip op. at 6 (E.D. Ark. Dec. 23, 1995).

## III. CONCLUSION

The Aetna and Columbia insurance policies at issue in this case unambiguously exclude liability coverage for damages caused by a driver when engaged in the business of auto repair. We hold that, under the particular undisputed facts of this case, Baker was engaged in such a business, and therefore the exclusion clauses

should be given effect.  The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.