Christina HARRIS *v.* Kerry OZMENT, M.D., P.A.

CA 02-1383 117 S.W.3d 647

Court of Appeals of Arkansas
Division I
Opinion delivered September 17, 2003

The *Stanley Law Firm, P.A.*, by: *James W. Stanley, Jr.*, for appellant.

*Friday, Eldredge & Clark*, by: *William M. Griffin III* and *Lindsey Mitcham*, for appellee.

WENDELL L. GRIFFEN, Judge. This is a medical malpractice action. Christina Harris appeals from the order of the Saline County Circuit Court granting summary judgment in favor of appellee, Dr. Kerry Ozment. Appellant argues that the trial court erred in finding that the action was barred by the applicable two-year statute of limitations set forth in Ark. Code Ann. § 16-114-203(a) (Supp. 2001). We disagree and affirm the summary-judgment order.

In November of 1989, Rachel Harris, Christina Harris's mother, elected to undergo Roux-Y gastric-bypass surgery for weight control; the procedure was performed by appellee. In March of 2000, Rachel Harris went to see Dr. Meenakshi Budhraja after she began to experience such physical symptoms as loss of weight, depression, hair loss, skin lesions, extreme fatigue, exhaustion, and kidney and liver dysfunctions. Harris alleged that Dr. Budhraja advised her that she was suffering from severe metabolic and mineral deficiencies stemming from her prior gastric bypass surgery and from the lack of postoperative care she received from appellee.

On February 21, 2002, Rachel Harris filed a complaint against appellee. While Harris did not allege that appellee was negligent in performing the gastric bypass surgery, she did contend (1) that he did not inform her about the postoperative impact or effects of the surgery; and (2) that he was negligent in his postoperative care of her by not placing her on any type of mineral supplements. However, in response to appellee's request for admissions, Harris admitted that she had not seen appellee in over five years.

Appellee moved for summary judgment on the ground that the action was barred by the two-year statute of limitations set forth in Ark. Code Ann. § 16-114-203(a) (Supp. 2001). On October 3, 2002, the trial court ruled that the action was barred by the two-year statute of limitations, granted summary judgment in favor of appellee, and dismissed Rachel Harris's complaint. Rachel Harris died while this case was pending, and Christina Harris, Rachel's daughter, was substituted as party-plaintiff. It is from this order that appellant now appeals.

The law governing our review of a trial court's grant of summary judgment is well established. Summary judgment should be granted only when it is clear that there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. *Baker v. Radiology Assoc., P.A.*, 72 Ark. App. 193, 35 S.W.3d 354 (2000). The burden of sustaining a motion for summary judgment is on the moving party. *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999). All proof submitted must be viewed in the light most favorable to the nonmoving party, and any doubts must be resolved against the moving party. *Luningham v. Arkansas Poultry Fed'n Ins. Trust*, 53 Ark. App. 280, 922 S.W.2d 1 (1996).

Appellant argues that the trial court erred as a matter of law in granting summary judgment in favor of appellee and dismissing this action, contending that the statute of limitations set forth in Ark. Code Ann. § 16-114-203(a) (Supp. 2001) does not bar an action for medical negligence when the resulting damages occurred many years later.

 To sustain an action against a medical-care provider for medical malpractice, a plaintiff must have suffered a medical injury. *McQuay v. Guntharp,* 336 Ark. 534, 986 S.W.2d 850 (1999). A medical injury is defined as any adverse consequence arising out of or sustained in the course of the professional services being rendered by a medical care provider whether resulting from negligence, error, or omission in the performance of such services, or from the rendition of such services without informed consent or otherwise arising out of or sustained in the course of such services. Ark. Code Ann. § 16-114-201(3) (1987). All actions for medical injury must be commenced within two years after the cause of action accrues. Ark. Code Ann. § 16-114-203(a) (Supp. 2001). The date of accrual of the cause of action shall be the date of the wrongful act complained of and no other time. Ark. Code Ann. § 16-114-203(b) (Supp. 2001).

In this case, the complaint alleged that appellee did not inform Rachel Harris about the postoperative impact or effects of the surgery, and that appellee was negligent in his postoperative care of Harris by not placing her on any type of mineral supplements. On appeal, appellant acknowledges that the statute of limitations in a medical malpractice case commences running from the date of the negligent act complained of. Appellant, however, asserts that Harris's damages or injuries did not accrue until March of 2000, and that this action could not have been commenced until there was an injury. Therefore, appellant contends that the two-year statute of limitations did not begin to run until March 2000, and that this action, filed in February 2002, was commenced within two years of the date of the onset of Harris's damages or injuries.

 Under appellant's theory of applying the statute of limitations from the date of the injury, the statute of limitations would begin to run, not from the occurrence of the negligent act as provided under our current statute, but from the date that the injury, caused by the negligent act, develops or arises. Appellant contends that to hold otherwise would violate Article 2, Section

13, of the Arkansas Constitution requiring that a remedy be afforded in the law. Although appellant argues that this case raises an issue of first impression, this is not. It has long been the law in Arkansas that the statute of limitations begins to run from the date that the negligent act occurred. *Green v. National Health Lab., Inc.,* 316 Ark. 5, 870 S.W.2d 707 (1994); *Chapman v. Alexander,* 307 Ark. 87, 817 S.W.2d 425 (1991); *Baker v. Radiology Assocs., P.A., supra.* Moreover, the supreme court in *Chapman v. Alexander, supra,* specifically declined to abandon this traditional rule for applying the statute of limitations for other rules, such as applying the statute of limitations from the date of injury.

Here, appellee's alleged act of negligence, failing to inform Harris of the postoperative effects of the gastric bypass surgery, occurred in November 1989, when the surgery was performed. Therefore, under Ark. Code Ann. § 16-114-203(a) (Supp. 2001), appellant had until November 1991 in which to commence a medical malpractice action against appellee. *See Adams v. Arthur,* 333 Ark. 53, 969 S.W.2d 598 (1998). Consequently, the action filed by Harris in 2002 was outside of the statute-of-limitations period and was barred. Furthermore, since Harris had not seen appellee in over five years prior to filing the complaint, any action alleging that appellee was negligent in providing adequate postoperative care was also barred by the statute of limitations.

Accordingly, we hold that Rachel Harris's complaint was not timely filed within the two-year statute of limitation under Ark. Code Ann. § 16-114-203(a) (Supp. 2001). As such, the trial court's dismissal of appellant's case by summary judgment was not erroneous and is affirmed.

Affirmed.

GLADWIN and BIRD, JJ., agree.