HARRIS *v.* MOYE'S ESTATE.

4-8208　　　　　　　　　　　　　　　　202 S. W. 2d 360

Opinion delivered May 26, 1947.

766

*John B. Moore* and *U. A. Gentry,* for appellant.

*W. W. Sharp,* for appellee.

Robins, J.   Appellant instituted suit in the lower court against W. H. Moye, on December 19, 1942, alleging that Moye had, for valuable consideration, sold to appellant his equity in certain bales of cotton, but had failed to deliver same.   An accounting and judgment for value of Moye's equity in the cotton was prayed.

On October 9, 1944, the following order in that case was entered: "Now on this the 9 day of October, 1944, the same being a regular day of the October term of the court, this cause coming on to be heard upon the motion of the plaintiff [*sic*] filed at the last term of court to dismiss for the want of prosecution, the court, after being well and sufficiently advised as to all matters of law and fact arising herein, doth find: That the plaintiff has failed, neglected and refused to prosecute his action and the same should be dismissed with prejudice.   It is therefore by the court considered, ordered and decreed that this cause be, and it is hereby, dismissed with prejudice, for want of prosecution."

On October 8, 1945, appellant filed a complaint in the instant case, identical with the one filed by him on December 19, 1942, except that in this case "Estate of W. H. Moye, Deceased" was designated as defendant.

To this latter complaint there was filed a motion to dismiss, which was a plea of *res judicata,* copy of the complaint in the previous case and the order of dismissal therein being attached as exhibits.

The motion was heard on this stipulation: "It is stipulated and agreed by and between the attorneys of record for the plaintiff and the attorney of record for the

defendant, that the following is a correct statement of facts, and this stipulation shall be filed as a part of the record in this cause, and may be used by either party at any hearing thereof: That the plaintiff filed his complaint in the Monroe County Chancery Court against W. H. Moye on December 19, 1942, being cause Number 9042, which is identical with the complaint filed in this action, Number 9488. Both complaints allege the same facts and pray for the same relief; that the complaint in cause Number 9042 was filed in this court on December 19, 1942, and on August 7, 1944, the defendant filed a motion to dismiss for want of prosecution; that on October 9, 1944, this court entered an order in cause 9042 dismissing the plaintiff's complaint with prejudice. The precedent for the order was approved by the plaintiff's counsel of record at that time, and a copy of the same is attached hereto and made a part hereof. The present suit (No. 9488) was filed (in the legal sense) on October 8, 1945.''

The lower court sustained appellee's motion to dismiss and rendered decree accordingly. This appeal followed.

For reversal appellant cites decisions of this court to the effect that in case of a non-suit, or of an ordinary dismissal for want of prosecution, the plaintiff may, under the provisions of § 8947 of Pope's Digest, commence his action anew within one year after the order dismissing same. But in none of the cases cited was there involved an order of dismissal similar to the one involved in the case at bar. Here the order dismissing appellant's suit reflected something more than a voluntary non-suit or an involuntary non-suit for failure to prosecute. In the order under consideration the court made a finding that the appellant's cause ought to be dismissed ''with prejudice,'' and made an order dismissing it ''with prejudice.''

The words ''with prejudice,'' when used in an order of dismissal, have a definite and well known meaning; they indicate that the controversy is thereby concluded. Discussing the meaning of these words, when used in a

judgment of dismissal, Judge Butler said in the case of *Union Indemnity Company* v. *Benton County Lumber Company,* 179 Ark. 752, 18 S. W. 2d 327: "This term has a well recognized legal import; it is the converse of the term 'without prejudice,' and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. 4 Words and Phrases (2d Series) p. 1333." Hence, the order of dismissal entered by the court on October 9, 1944, showed a complete adjudication of the controversy and was a bar to the subsequent action by appellant.

It is not contended that the order of dismissal did not reflect what the court really intended—in fact, it is stipulated that appellant's counsel approved the form of this order. If the order as entered did reflect the intention of the court, but was made erroneously, appellant's remedy was by way of appeal. Appellant has taken no appropriate steps—either by application for order *nunc pro tunc* or by appeal—to correct this order, but he is in effect asking, in another action, that the order of dismissal in the original suit be changed in an important particular, or that a material part thereof be disregarded. It is obvious that the lower court could not grant this relief. *McKnight* v. *Smith,* 5 Ark. (5 Pike) 409; *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10; *Whorton* v. *Hawkins,* 135 Ark. 507, 205 S. W. 901.

The decree of the lower court is affirmed.