FRISBY *v.* HURLEY.

5-2915 364 S. W. 2d 801

Opinion delivered February 18, 1963.

*Bernard Whetstone,* for appellant.

*Brown & Compton,* for appellee.

GEORGE ROSE SMITH, J. Roy L. Frisby and Gene A. Hathcote were both killed when the truck in which they were riding left the highway and overturned. The truck was owned by Olin Mathieson Chemical Corporation and was being driven by Hathcote, its employee. The appellant, Ruby Frisby, as the administratrix of her husband's estate, first brought an action for wrongful death against the Mathieson company, in the federal court. Later on she brought this action, also for wrongful death, against the appellee, as the administrator of Hathcote's estate. The federal case was tried first and resulted in a jury verdict for the defendant. The appellee then moved for a dismissal of the state court action, pleading the judgment in the federal court as *res judicata.* This is an appeal from an order sustaining that motion and dismissing the suit.

The question is whether the judgment in favor of the employer, as the defendant in the first action, is *res judicata* in the second action brought by the same plaintiff against the employee whose negligence was involved.

This question was fully analyzed in *Davis* v. *Perryman,* 225 Ark. 963, 286 S. W. 2d 844, which controls the case at bar. There we noted that in most instances a judgment for or against the employer is not conclusive in a later action against the employee, because the two defendants are not in privity. But we recognized and gave effect to a narrow but well-established exception to this general rule; that is, "the plaintiff, after a prior unsuccessful damage action against the master or servant for alleged negligence of the servant, is barred from maintaining a subsequent action involving the same mishap when it was and is conceded in both actions that the servant was all the time acting within the scope of his employment and the only questions in the two actions are negligence and contributory negligence." The reason for the limited exception is that in the specific situation to which it applies the plaintiff has already had his day in court upon the issue of the servant's negligence and as a matter of public policy is not entitled to a second trial upon that exact issue. We repeatedly emphasized in the *Davis* case that the first judgment is *res judicata,* under the exception, only when it is conceded that the servant was acting in the scope of his employment, for only in that situation can it be known with certainty that the earlier decision against the plaintiff was based upon the issue of negligence.

The case at bar does not fall within the exception to the general rule. In the federal court the Mathieson company relied upon three defenses, all involving issues of fact that were submitted to the jury: First, Frisby was a guest in the truck, so that Mathieson would not be liable for ordinary negligence on the part of Hathcote. Second, Hathcote was not acting within the scope of his employment in allowing Frisby to ride in the vehicle, so that Frisby was a trespasser toward whom Mathieson did not owe a duty of ordinary care. Third, Hathcote was

not negligent. The federal court case, submitted to the jury without interrogatories, resulted in a general verdict for the defendant. It is possible that the jury believed Hathcote to have been negligent but nevertheless exempted Mathieson from liability, upon a finding that Hathcote was acting outside the scope of his employment in permitting Frisby to ride in the truck. We cannot be certain that the appellant lost the first case upon the sole issue of Hathcote's negligence. The exceptional bar of *res judicata* is therefore inapplicable, and this action can be maintained.

Reversed.