TED SAUM & COMPANY *v.* SWAFFAR.

5-3248 . 377 S. W. 2d 606

Opinion delivered April 13, 1964.

*John H. Joyce* and *Glen Wing,* for appellant.

*David J. Burleson,* for appellee.

FRANK HOLT, Associate Justice. The question presented in this case is the right of the appellee, Richard Swaffar, to maintain the present action for damages against the appellant, Ted Saum and Company, a corporation, based upon the alleged conversion of appellee's truck. This action resulted when Mrs. Ruth Saum brought a foreclosure proceeding in chancery court to collect the balance due on a note made payable to her by the appellee and secured by a chattel mortgage on appellee's truck. The appellee filed a general denial and a cross complaint against Mrs. Saum and the appellant, Ted Saum and Company, a corporation, for damages, alleging an unlawful conversion by them of appellee's truck. The issues were properly joined with the appellant specifically pleading, *inter alia,* the defense of *res judicata.*

Upon trial the Chancellor awarded Mrs. Saum a judgment for $1,064.56 in her foreclosure suit against the appellee and dismissed appellee's counterclaim against her for conversion of his truck. The Chancellor awarded appellee judgment for $4,500.00 against appel-

lant as damages for conversion of the truck from which judgment appellant brings this appeal. There is no cross-appeal. For reversal appellant contends that the issue of appellant's liability to appellee is *res judicata.*

Appellee had driven a truck for appellant for several years before entering military service in August of 1958. He borrowed $3,550.00 from Mrs. Saum to pay off the balance due on his truck. The certificate of title was delivered to him. Since he was unable to sell his truck before entering military service, he left it with appellant under a lease agreement. During a part of his one year in the service appellee's truck was operated pursuant to this agreement. Appellant then sold the truck for $4,-500.00 to another driver. The appellee contends it was an absolute sale without his knowledge and consent, therefore, it constituted an unlawful conversion of his property. The appellant contends the sale was conditional subject to appellee's approval and delivery by him of the title certificate. Further, that appellee's truck was always available to him upon payment of the balance of the mortgage on the truck to Mrs. Saum.

In December, 1959, appellee filed an action in the Washington County Circuit Court against Ted Saum, individually, for damages for unlawful conversion of the truck. Neither Mrs. Saum nor appellant, Ted Saum and Company, a corporation, was a party to that suit. Following this the present action was instituted in chancery court and while it was pending, the case in circuit court was tried in November, 1960. The jury returned a verdict for the defendant, Ted Saum, individually, and judgment was rendered in conformity with this verdict. Therefore, the appellant insists that the defense of *res judicata* is applicable to the present litigation. The appellee, however, contends the issue in this proceeding is not *res judicata* because the parties are not the same. Also, he argues that the appellant corporation's liability is not limited to the action of one agent but is derived from the action of any of its agents, or the possibility that some agent other than Saum might have been involved in the alleged conversion.

The appellee's pleadings in the previous litigation in circuit court and the present action in chancery court refer to one issue, the alleged conversion of appellee's truck. The only difference between the two law suits, as between appellant and appellee, is that in the first one appellee names Ted Saum, individually, the defendant and in the present proceeding appellee names Ted Saum and Company, a corporation, as the defendant. Also, the cross complaint filed by appellee in the present action alleges: "* * * that *all the transactions hereinafter mentioned* were between Richard Swaffar and Ted Saum, the husband of the plaintiff herein, and *in all of such transactions* the said Ted Saum was acting for the cross defendant, Ted Saum and Company, a corporation;". [Emphasis added] The proof conforms to this allegation.

We agree with the appellant that the present action is barred by *res judicata.* We think that the principle announced by us in *Davis* v. *Perryman,* 225 Ark. 963, 286 S.W. 2d 844, is controling in the case at bar. There we quoted with approval:

"* * * a judgment in favor of either the master or principal on the one hand, or the servant or agent on the other, sued alone, is *res judicata,* or conclusive, * * * in a subsequent action against the other, a deriviative responsibility being present." See, also, *Patterson* v. *Risher,* 143 Ark. 376, 376, 221 S. W. 468. In the case at bar the liability of appellant, Ted Saum and Company, a corporation, is derivative from the acts of its agent, Ted Saum, according to the pleadings and proof of the appellee. We think the following language from 50 C.J.S., Judgments, § 757, is applicable:

"Persons who, although not parties or privies, were so connected in interest or liability with plaintiff or defendant in the former action that the judgment may be regarded as virtually recovered for them may avail themselves of such judgment as res judicata in a subsequent suit. So one whose liability is dependent on, or derived from, the liability of one who was exonerated in an earlier suit brought by the same plaintiff on the same

facts may take advantage of the bar of the prior judgment *even though he was not a party to the earlier action or in privity with the defendant therein.*'' [Emphasis added]

The language in *Sides* v. *Haynes,* 181 F. Supp. (Ark. 1960) concisely states the law in this state as to the reason for the doctrine of *res judicata.* There the court said:

''* * * The true reason for holding an issue res judicata is not necessarily for the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issue.''

Further, *res judicata* is applicable not only to an issue actually litigated, but also governs as to matters within the issue that might have been litigated. *Thomas* v. *McCollum,* 201 Ark. 320, 144 S. W. 2d 467; *Rose* v. *Jacobs,* 231 Ark. 286, 329 S. W. 2d 170.

We hold that appellee's cause of action upon his cross complaint in the present litigation is barred by *jes judicata.* Therefore, since the judgment must be reversed on this point, we do not reach the other points argued by appellant.

The judgment is reversed and the cause dismissed.