Eva RUSSELL, Administratrix, et al
*v.* NEKOOSA PAPERS, Inc.

76-274                                        547 S.W. 2d 409

Opinion delivered February 22, 1977

[Rehearing denied April 4, 1977.]

*Gaughan, Barnes, Roberts, Harrell & Laney*, for appellants.

*Shackleford, Shackleford & Phillips*, for appellee.

FRANK HOLT, Justice. The two appellants are administraces of the respective estates of their husbands, who were killed in an automobile accident involving two alleged employees of the appellee, Nekoosa Papers, Inc. The appellants brought a suit against each of these individuals without including appellee. That action, based upon the asserted negligence of the two defendants, resulted in compromise settlements which were approved in the probate court. The probate court orders expressly provided that the settlements were full and complete between these parties. However, the orders provided that the settlements had no

effect on any other persons, partnerships or corporations that could have any liability for the wrongful deaths of the administratrices' husbands. The action was then dismissed with prejudice in circuit court pursuant to that stipulation. About two years later these same appellants filed the present action against the appellee, alleging that the two individuals named in the previous action were the agents, servants and employees of Nekoosa and, therefore, their negligence was imputed to it as their employer. The court sustained appellee's motion for a summary judgment which asserted that the settlement and dismissal with prejudice of the previous action against appellee's alleged employees was *res judicata* which barred the appellants' present action against it.

This appeal, say appellants, presents the issue as to whether a compromise settlement with an agent, servant and employee, followed by a dismissal of the action with prejudice, bars a subsequent action against the employer when the issues of negligence and agency in a previous action were never litigated. It is appellants' position that this subsequent action against the appellee employer is not barred by *res judicata* or collateral estoppel and, therefore, the court erred in granting a summary judgment. Appellants argue that *res judicata* is inapplicable here because the appellee employer was neither a party in the previous action against appellee's employees nor in privity to any party in that action; *res judicata* is not applicable because the first action was against appellee's employees and was concluded by compromise settlement and consent order and not rendered on the merits following litigation; there is no recognized exception to, or extension of, the doctrine of *res judicata* which would be applicable here; consideration of public policy does not require extension of *res judicata* to the compromise settlement of the previous action; and, finally, *Davis, Administratrix v. Perryman,* 225 Ark. 963, 286 S.W. 2d 844 (1956), and similar cases involve collateral estoppel, not *res judicata,* and collateral estoppel cannot be applied to this case.

We agree with the appellants that it is well settled that the relationship of an employer-employee is not privity for the purpose of the application of the doctrine of *res judicata. Frisby v. Hurley,* 236 Ark. 127, 364 S.W. 2d 801 (1963); and *Davis,*

*Administratrix v. Perryman, supra.* Appellants, however, recognize that this court has in the past discussed terms as to "an extension of *res judicata*" to one not a party or privy to an action. *Frisby v. Hurley, supra; Davis v. Perryman, supra; Ted Saum & Co. v. Swaffar,* 237 Ark. 971, 377 S.W. 2d 606 (1964); and *Bounds v. Travelers Ins. Co.,* 242 Ark. 787, 416 S.W. 2d 298 (1967). Here appellants recognize that these cases are identified as "exceptions" to the privity requirement. Appellants argue that these cases are not the correct application of *res judicata* and are examples of the application of the doctrine of collateral estoppel.

We are of the view that the trial court here correctly granted the motion for summary judgment. There is ample precedent that whenever an action is dismissed with prejudice it is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial. *Union Indemnity Co. v. Benton County Lumber Co.,* 179 Ark. 752, 18 S.W. 2d 327 (1929); *Bryant v. Ryburn,* 206 Ark. 305, 174 S.W. 2d 938 (1943); and *Harris v. Moye's Estate,* 211 Ark. 765, 202 S.W. 2d 360 (1947). Here, as indicated, the previous action asserting negligence on the part of appellee's alleged employees (although appellee was not a party to that action) was fully disposed of by agreement and a dismissal with prejudice. In that case the issue as to the two defendants' liability was predicated on their negligence. The dismissal with prejudice was as effective as if it were concluded adversely to appellants by litigation at trial. Here the asserted liability of the appellee employer is derivative from the same negligent acts of its asserted agents, servants and employees. See *Saum & Co. v. Swaffar, supra; Frisby v. Hurley, supra;* and *Davis v. Perryman, supra.*

We hold that the settlement and dismissal with prejudice of the first action are conclusive of the issue of negligence of appellee's alleged employees. Therefore, since appellee's liability, if any, is derivative of their alleged negligence, the present action would be a relitigation of that issue and, consequently, the action is barred.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.