Arwood HICKS, Jr. *v.* ALLSTATE INSURANCE COMPANY

90-205                                                        799 S.W.2d 809

Supreme Court of Arkansas
Opinion delivered December 10, 1990

*David J. Manley, Legal Services of Arkansas, Inc.*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Jacob Sharp, Jr.*, and *Brian Allen Brown*, for appellee.

STEELE HAYS, Justice. Arwood Hicks has appealed from an order of the trial court refusing to award an attorney's fee pursuant to Ark. Code Ann. § 23-79-209(a)(1987). Hicks contends he was entitled to an attorney's fee for defending a declaratory judgment action filed against him by Allstate Insurance Company, appellee. We sustain his contention and, accordingly, reverse and remand.

The only question we must decide is whether the declaratory

judgment suit ended in a judgment against Allstate within the language of § 23-79-209(a). That provision of the code reads:

(a) *In all suits in which the judgment or decree of a court is against a life, fire, health, accident, or liability insurance company*, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his rights thereunder, *or in a suit for a declaratory judgment under the policy*, or in a suit by the holder of the policy to require the company to reinstate the policy, *the company shall also be liable to pay the holder of the policy all reasonable attorneys' fees for the defense or prosecution of the suit, as the case may be* [Our emphasis.]

The pertinent facts are these: Hicks had a collision with another motorist, Tony Parrish, who then sued Hicks in Crittenden Circuit Court. Hicks was driving a car belonging to Ms. Vesta Cathy, his aunt, which was insured by Allstate. The policy was issue while Ms. Cathy was alive, but after her death in April 1987, Hicks continued to make premium payments which Allstate accepted without knowledge of Ms. Cathy's death. The collision with Parrish occurred some ten months after Ms. Cathy's death.

Allstate undertook a defense of Hicks under a reservation of rights and in April 1989 Allstate filed a declaratory judgment action in White Circuit Court alleging that Hicks was not covered under the policy issued to Ms. Cathy. Hicks denied the material allegations of the complaint and asserted affirmative defenses of estoppel, fraud, waiver, bad faith and breach of fiduciary relationship. Hicks requested attorneys' fees pursuant to Ark. Code Ann. § 23-79-209 (1987). In November 1989, Allstate settled the litigation with Parrish and on December 7 the declaratory judgment action was dismissed with prejudice. Hicks promptly moved anew for an award of attorney's fees and has appealed from the trial court's subsequent denial.

Noting the clarity of the statutory language, Allstate concedes that the legislature intended to permit the award of attorney's fees and costs to a prevailing party even where no monetary recovery results, as in a declaratory judgment action.

Allstate maintains, however, that there has been no adjudication on the merits and, since no one "prevailed" in this action, no fee is warranted. We disagree, finding our authority in the settled case law of this court relating to the dismissal of actions under the rubric "with prejudice." The case of *Harris* v. *Moye's Estate*, 211 Ark. 765, 202 S.W.2d 360 (1947), illustrates the rule: Harris's complaint against Moye was dismissed for failure to prosecute. The order of dismissal concluded, "It is therefore by the court considered, ordered and decreed that this cause be, and it is hereby, dismissed with prejudice, for want of prosecution." Harris's subsequent complaint on the same cause of action was dismissed upon a plea of res judicata. Harris appealed and this court affirmed, citing an opinion written by Judge Butler, *Union Indemnity Co.* v. *Benton County Lumber Co.,* 179 Ark. 752, 18 S.W.2d 327 (1929):

> This term [with prejudice] has a well recognized legal import; it is the converse of the term without prejudice; and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff.

And in *Russell* v. *Nekoosa Papers, Inc.,* 261 Ark. 79, 547 S.W.2d 409 (1977), we said:

> There is ample precedent that whenever an action is dismissed with prejudice it is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial.

Other decisions to the same effect are *Wells* v. *Heath,* 269 Ark. 473, 602 S.W.2d 665 (1980); *Curry* v. *Hanna,* 228 Ark. 280, 307 S.W.2d 77 (1957); *Seaboard Finance Company, et al.* v. *Wright, Admx.,* 223 Ark. 351, 266 S.W.2d 70 (1954).

Whether we interpret the statute broadly or narrowly matters little, as it is clear under our cases that the dismissal of this action with prejudice constituted a final adjudication on the merits and brought the matter within the plain language of the statute. The appellant was entitled to an attorney's fee as therein provided.

Reversed and remanded to the trial court to determine and award the appropriate amount for legal services rendered at that

level. A fee of $1,250 is awarded for services on appeal.

GLAZE, J., not participating.