# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3524

_____

Michael Prince, Ph.D.,                         *
                                               *
            Appellant,                         *
                                               *
     v.                                      *
                                               *
The Arkansas Board of Examiners in             *
Psychology; Betty Davis, Individually          *
and in her official capacity as a member       *   Appeal from the United States
of the Arkansas Board of Examiners in          *   District Court for the
Psychology; John Rago, Individually            *   Eastern District of Arkansas.
and in his official capacity as a member       *
of the Board of Examiners in                   *
Psychology; Dwight Sowell, Individually*
and in his official capacity as a member       *
of the Arkansas Board of Examiners in          *
Psychology; Dr. Steve Shry; John Holt,         *
Individually and in his official capacity      *
as a member of the Arkansas Board of           *
Examiners in Psychology; Ernest                *
Ballard, Individually and in his official      *
capacity as a member of the Arkansas           *
Board of Examiners in Psychology,              *
                                               *
            Appellees.                         *

_____

Submitted: April 16, 2004
Filed: August 17, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Michael Prince, Ph.D., appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 claims under the <u>Rooker-Feldman</u> doctrine. We affirm.[2]

**I.**

Dr. Prince, a licensed psychologist in Arkansas, faced ethics charges before the Arkansas Board of Examiners in Psychology (the Board) for his use of non-licensed testing technicians to administer psychological tests contrary to ethical standards established by the Board. The Board has authority over the licensing and discipline of Arkansas psychologists. Ark. Code. Ann. § 17-97-310 & 311 (1999). The Board charged Prince with negligent and wrongful conduct. After a hearing, it concluded that Prince had violated Standards 1.22(a), 1.22(b) and 2.06 of the Ethical Principles of Psychologists and suspended his license to practice psychology for one year.

Prince appealed the Board's decision to the Circuit Court of Craighead County, Arkansas, by filing a petition for review under the Arkansas Administrative Procedure Act, Ark. Code Ann. §§ 25-15-201 to 25-15-217 (1999). His petition for review stated that "[t]he petitioner brings this action to challenge the respondent's final decision, and to challenge jurisdictional and constitutional defects associated therewith." App. at 29. He specifically argued that the Board violated the ex post facto clause, failed to obtain a recommendation of the ethics committee as required under Arkansas law, applied the wrong legal standard to the charges, and made an arbitrary and capricious decision, unsupported by substantial evidence. App. at 29-

_____

[1]The Honorable George Howard, United States District Judge for the Eastern District of Arkansas.

[2]We deny appellant's motion to strike portions of appellee's brief.

35. The petition sought the following relief: reversal and dismissal with prejudice of the Board's decision, recovery of costs expended and "all other relief to which he may be entitled." App. at 35. The Board determination was stayed pending the resolution of the appeal. App. 37. A year later, the Board entered into an agreement with Prince, reinstating his license in exchange for his promise that he would cease using non-credentialed personnel to provide psychological testing services. Prince then moved to voluntarily dismiss his state court appeal. The Arkansas circuit court dismissed the appeal with prejudice on February 1, 2001.

Prince filed a complaint in federal district court on November 5, 2002, raising several 42 U.S.C. § 1983 claims alleging violations of the ex post facto clause, the commerce clause, and the Fourteenth Amendment by the Board and its members in their official and individual capacities. He sought rulings declaring that regulation to be unconstitutional, that the Board's decision be vacated and expunged, and that he be found not guilty of the charges. He also sought compensatory and punitive damages. The Board moved to dismiss the complaint, contending that it was barred on several grounds. The district court granted the motion, finding that the Rooker-Feldman doctrine deprived it of jurisdiction over the claims because they were inextricably intertwined with the  state court judgment. D. Ct. Order of Sept. 30, 2003, at 7.

**II.**

The Rooker-Feldman doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Such jurisdiction is vested only in the United States Supreme Court. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). The Rooker-Feldman doctrine bars both straightforward and indirect attempts by a plaintiff to "undermine state court decisions." Id. at 492. Litigants may not pursue federal

claims with allegations that are inextricably intertwined with a state court decision. See Feldman, 460 U.S. at 486-87. We review questions of subject matter jurisdiction de novo. Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004).

The question before us is whether this case involves a state court judgment that implicates the Rooker-Feldman doctrine. Prince argues that his federal claims involve only the administrative decision by the Board, a forum in which he could not raise his constitutional claims and to which the Rooker-Feldman doctrine does not apply. A litigant may challenge in a federal district court action the constitutionality of an executive action, including a state administrative agency determination, even though he may not argue that a state court decision is unconstitutional. See Verizon Maryland, Inc. v. Public Serv. Comm'n, 535 U.S. 635, 644 n.3 (2002). Indeed, many litigants "who lose in state administrative proceedings [ ] seek relief in federal district court under civil rights legislation such as 42 U.S.C. § 1983," Van Harken v. Chicago, 103 F.3d 1346, 1349 (7th Cir. 1997), and they generally do not have to exhaust administrative remedies before pursuing such claims. Porter v. Nussle, 534 U.S. 516, 523 (2002). Litigants can choose whether to pursue such claims in state or federal court. Charchenko v. City of Stillwater, 47 F.3d 981, 984 (8th Cir. 1995). Once a party has litigated in state court, however, he "cannot circumvent Rooker-Feldman by recasting his or her lawsuit as a [section] 1983 action." Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997). In other words, if a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again. He must follow the appellate procedure through the state courts and seek review before the Supreme Court. See Rooker, 263 U.S. at 415-16.

Prince chose to pursue an appeal in state court, challenging the Board's decision on both constitutional and statutory grounds. Under Arkansas law, a party may challenge an administrative decision in state circuit court by contending that the decision prejudiced his substantive rights or that "the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory

provisions; . . . ." Ark. Code. Ann. § 25-15-212(h) (1999). Prince waived the right to further pursue the state appellate process, however, when he voluntarily dismissed his state court case with prejudice. He may not now avoid the consequences of his choice by bringing similar claims under section 1983.

To determine whether Prince's section 1983 claims are inextricably intertwined with the state court judgment and therefore barred under the Rooker-Feldman doctrine, we examine what the state court held. Lemonds, 222 F.3d at 493. In this case, the state court did not expressly find in either party's favor because Prince voluntarily dismissed his appeal with prejudice. Prince argues that because the state court did not address the merits of his constitutional and process-based claims, they should not be barred. Under Arkansas law, however, a dismissal with prejudice is "as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial." Russell v. Nekoosa Papers, Inc., 547 S.W.2d 409, 410 (Ark. 1977). It does not matter if it was dismissed before certain issues were actually litigated; they are treated as though they were litigated. Id. Here, the dismissal with prejudice therefore effectively affirmed the Board's decision, holding that the Board appropriately applied its regulations to Prince in finding him guilty of a violation.

Federal claims are inextricably intertwined with the state court judgment if they "succeed[ ] only to the extent that the state court wrongly decided the issue before it." Lemonds, 222 F.3d at 493 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). The claim, however, "is not precluded if it is 'separable from and collateral to the merits of the state-court judgment.'" Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999) (quoting Pennzoil, 481 U.S. at 21 (Brennan, J., concurring)). The claim will also not be precluded if litigants do not have a "reasonable opportunity to raise their federal claims" before the state court. Simes, 354 F.3d at 829.

A claim does not undermine the state court judgment if it merely challenges the constitutionality of a legislative act by a rulemaking body, but if the litigant's interest in having the rule or regulation set aside "is inseparable from his interest in upsetting a particular state court judgment based on that rule," the challenge is no longer independent. Lemonds, 222 F.3d at 495. The type of relief the litigant seeks may indicate whether or not the claim is in fact a challenge to the rule or to the actual judgment in the party's case. See Van Harken, 103 F.3d at 1349. For example, the challenge may remain separable if the party seeks only a declaration that procedures are inadequate, but it will not be separable if the party seeks monetary damages for the application of a rule already challenged in state court. Id.

Prince's federal claims are inextricably intertwined with the state court judgment because the relief he seeks for the federal claims, if awarded, would "directly nullify the final judgment of the state [ ] court." See Lemonds, 222 F.3d at 493. The state court judgment effectively affirmed the Board's decision, yet Prince seeks a declaration in federal court that the Board's decision was unconstitutional. Although Prince did not explicitly raise all of the constitutional due process violations in state court that he asserts in his federal case, he did allege that the Board failed to follow appropriate procedure and referred to the same facts that he now relies upon to argue the constitutional claims in federal court. He argued that the Board did not follow the established procedure in promulgating Standards 1.22(a)-(b) and 2.06 of the Ethical Principles of Psychologists, and that the Board therefore improperly applied those standards to him. In addition, based on the broad language in Ark. Code. Ann. § 25-15-212(h), Prince could have raised all of his constitutional challenges to the Board's application of its regulations in his state court case, so the exception to the doctrine we recognized in Simes does not apply here. See 354 F.3d at 829.

Although Prince's contention that the regulation prohibiting the use of non-licensed testing technicians violates the dormant commerce clause is arguably an

independent claim, he framed this count of his complaint by arguing that "by applying said regulation against the plaintiff," the Board caused him "mental anguish, humiliation, and embarrassment." In fact, Prince argued in every count in which he challenged the regulations directly that the Board violated his rights "by applying . . ." the regulations to him and requested damages. His claims in federal court challenging the regulations are therefore "inseparable from his interest in upsetting" the state court judgment that affirmed the Board's application of those rules. See Lemonds, 222 F.3d at 495.

The judgment is affirmed.

_____