# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3302
_____

Randall J. Meidinger

*Plaintiff - Appellant*

v.

Peter Ragnone, in his individual capacity

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: June 13, 2016
Filed: August 30, 2016
[Unpublished]

_____

Before SMITH, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Randall Meidinger brought claims under 42 U.S.C. § 1983 against Detective
Peter Ragnone alleging reckless investigation, failure to disclose material,
exculpatory evidence, and fabrication of material, inculpatory evidence, in violation
of Meidinger's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

The district court[1] first granted summary judgment in favor of Ragnone on the Fourteenth Amendment claim. The district court subsequently granted Ragnone's Rule 12(b)(6) motion to dismiss Meidinger's Fourth Amendment claim on the grounds that Ragnone was entitled to absolute immunity from any claim related to his grand-jury testimony.[2] Meidinger appeals.

Meidinger's complaint alleges the following facts. Meidinger worked at a landfill in Rapid City, South Dakota. In 2009, a Rapid City alderman publicly accused him of accepting bribes while employed at the landfill. The alderman theorized that Meidinger had allowed Fish Garbage Services, Inc. ("FGS") to deposit waste materials at reduced or no cost under the guise that the materials qualified as "alternative cover." Per the city's policy, alternative cover is any material that the city could use as a cover layer over other waste. In light of the city's need to purchase cover materials for the landfill, the city allowed commercial haulers to dump qualified alternative-cover materials at a reduced rate or free of charge. The alderman convinced the Rapid City Police Department to launch an investigation to which Detective Ragnone then was assigned.

In an interview with Ragnone, Meidinger denied any impropriety but admitted to having accepted a nominal Christmas gift from FGS. After the interview, however, Ragnone contacted Rapid City's Public Works Director and told him that Meidinger had confessed to accepting bribes from FGS and allowing non-alternative-cover loads to be dumped for free. Meidinger promptly was fired.

---

[1] The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

[2] Meidinger had abandoned his Fifth and Sixth Amendment claims by this point in the proceedings.

Ragnone testified in front of two separate grand juries. During his first grand-jury testimony, Ragnone falsely claimed that alternative cover pertained specifically to sawdust and no other materials. Before both grand juries, Ragnone falsely testified that Meidinger had confessed to accepting bribes from FGS in exchange for allowing FGS to deposit non-alternative-cover materials at a reduced rate. Meidinger was indicted on multiple criminal charges. At trial, however, a jury acquitted Meidinger of all charges.

After his acquittal, Meidinger filed a § 1983 action against Ragnone. As relevant, Meidinger asserted claims against Ragnone for violations of Meidinger's Fourth Amendment and Fourteenth Amendment due process rights for reckless criminal investigation, failure to disclose material exculpatory evidence to the grand jury, and manufacture of material inculpatory evidence. After Ragnone moved for summary judgment, the district court referred the case to a magistrate judge for a report and recommendation on the motion. The magistrate judge, noting that constitutional claims covered by a specific constitutional amendment "must be analyzed under the standard appropriate to that specific provision," found that Meidinger's allegations pertaining to Ragnone's false grand-jury testimony should be examined exclusively under the Fourth Amendment and that the allegations centering on Ragnone's conduct prior to his grand-jury testimony—Meidinger's reckless-investigation, failure-to-disclose, and manufacture-of-evidence allegations—should be analyzed under the Fourteenth Amendment. *See Moran v. Clarke*, 296 F.3d 638, 646 (8th Cir. 2002). The magistrate judge ultimately recommended that the district court grant summary judgment for Ragnone on the Fourteenth Amendment claim, noting that Meidinger failed to offer sufficient evidence that Ragnone's investigation violated Meidinger's substantive due process right to a fair investigation.

The district court accepted the magistrate judge's recommendations, issuing an order granting summary judgment for Ragnone on the Fourteenth Amendment claim

and issuing a judgment for Ragnone on September 23, 2014. Ragnone then filed a motion to dismiss the remaining Fourth Amendment claim for failure to state a claim. The district court issued an order granting Ragnone's motion, finding that, because Meidinger's reckless-investigation and manufactured-evidence allegations had been addressed under the Fourteenth Amendment, only Ragnone's grand-jury testimony remained at issue. The court concluded that Ragnone was entitled to absolute immunity for the remaining claim based on that testimony under *Rehberg v. Paulk*, 566 U.S. ---, 132 S. Ct. 1497 (2012). The court entered judgment pursuant to the order on September 26, 2015.

Meidinger advances two arguments on appeal. First, he asserts that the district court improperly granted summary judgment for Ragnone on the Fourteenth Amendment claim because Ragnone's manufacture of evidence violated Meidinger's due-process right to a fair criminal investigation. Second, Meidinger argues that the district court erred by granting Ragnone's motion to dismiss on the basis that Ragnone was entitled to absolute immunity under *Rehberg* for any claim based on his grand-jury testimony. He argues that the court failed to consider Ragnone's pre-grand-jury-testimony conduct—namely, Ragnone's efforts to fabricate evidence by creating Meidinger's false confession and creating a false definition of alternative cover—and that this conduct should have resulted in a different outcome of Meidinger's Fourteenth Amendment claim.

Ragnone argues that we lack jurisdiction over Meidinger's Fourteenth Amendment claim because Meidinger's notice of appeal failed to designate for appeal the earlier summary-judgment order that disposed of that claim, as required by Federal Rule of Appellate Procedure 3(c)(1)(B) (stating that a notice of appeal must "designate the judgment, order, or part thereof being appealed"). Meidinger concedes in his reply brief that he "failed to identify the District Court's order dismissing his Fourteenth Amendment claim in his notice of appeal" and that "failure to so designate an order or judgment results in this Court not acquiring jurisdiction over the issue."

*See Stephens v. Jessup*, 793 F.3d 941, 943 (8th Cir. 2015) (observing that "a notice which manifests an appeal from a specific district court order or decision precludes an appellant from challenging an order or decision that he or she failed to identify in the notice" (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002))); *see also Ladd v. Nocchiero*, 2016 WL 3357421 (8th Cir. June 17, 2016) (per curiam) (finding no jurisdiction over earlier district court orders when notice of appeal designated "the final judgment . . . dated June 25, 2015, which granted the motion for summary judgement [sic]") (alteration in original). Accordingly, we may review only the district court's dismissal of Meidinger's Fourth Amendment claim.

We review *de novo* the district court's dismissal for failure to state a claim, "taking all facts alleged in the complaint as true" and "draw[ing] all reasonable inferences" in the plaintiff's favor. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)).

Applying *Moran v. Clarke*, the district court considered Ragnone's alleged pre-grand-jury actions in fabricating evidence under the Fourteenth Amendment and the allegation of false grand-jury testimony under the Fourth Amendment. *See* 296 F.3d at 647. Thus, on Ragnone's motion to dismiss Meidinger's Fourth Amendment claim, the district court determined that Ragnone was absolutely immune under *Rehberg*. In *Rehberg*, the Supreme Court held that "grand jury witnesses should enjoy the same immunity as witnesses at trial . . . mean[ing] that a grand jury witness has absolute immunity from any § 1983 claim based on the witness'[s] testimony." 132 S. Ct. at 1506. The Court noted that "this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness'[s] testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.*

-5-

Meidinger does not dispute that *Rehberg* confers absolute immunity upon Ragnone for his grand-jury testimony. In his opening brief on appeal, Meidinger argued that absolute immunity under *Rehberg* does not apply to Ragnone's pre-grand-jury-testimony actions in fabricating evidence—namely, in manufacturing a confession by Meidinger, creating a false definition of alternative cover, and generating a police report on which prosecutors relied to obtain an indictment. However, Meidinger argued only that these actions should have contributed to a different outcome of the Fourteenth Amendment claim over which he now concedes we have no jurisdiction. Meidinger made no meaningful argument in his opening brief that these pre-grand-jury-testimony allegations would support a Fourth Amendment claim, the only matter over which we have jurisdiction. For the first time in his reply brief, Meidinger argued that the court should have considered Ragnone's pre-grand-jury-testimony conduct in analyzing Meidinger's Fourth Amendment claim. However, because Meidinger offers no reason for failing to raise this argument in his opening brief, it has been waived.[3] *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."); *see also Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("This court does not consider issues raised for the first time on appeal in a reply brief 'unless the appellant gives some reason for failing to raise and brief the issue in his opening brief.'" (quoting *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 421 n.5 (8th Cir. 2005))). Thus, with only Meidinger's Fourth Amendment claim based solely on Ragnone's false grand-jury testimony at issue, the district court did not err in finding Ragnone absolutely immune from a § 1983 suit under *Rehberg*.

---

[3]In any event, *Moran* suggests that Meidinger's allegations related to Ragnone's fabrication of incriminating evidence would not support a Fourth Amendment claim. *See* 296 F.3d at 647. However, we need not decide this issue.

-6-

For the reasons set forth above, we affirm the district court's dismissal of Meidinger's Fourth Amendment claim.

_____