# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2101
_____

Donald Stephens,

*Plaintiff - Appellant*,

v.

Leslie Jessup,

*Defendant - Appellee*,

Amtote International, Inc.,

*Defendant*.
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: March 9, 2018
Filed: March 12, 2018
[Published]
_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

Donald Stephens brought a civil rights action under 42 U.S.C. § 1983 against police officer Leslie Jessup after a dispute at the Oaklawn Jockey Club in Hot Springs, Arkansas. In a prior appeal, we concluded that Stephens's claims were not precluded by previous litigation between Stephens and Oaklawn. *See Stephens v. Jessup*, 793 F.3d 941 (8th Cir. 2015). On remand, the district court granted summary judgment in favor of Jessup on the ground that Stephens brought his claims against Jessup in his official capacity only, such that the suit was merely a suit against Jessup's public employer, the city of Hot Springs. Reasoning that a city cannot be vicariously liable under § 1983 for the acts of an employee unless there is an unconstitutional policy or custom, and that Stephens offered no evidence that any alleged deprivation of rights was the result of such a policy or custom, the court dismissed the action. The court later denied Stephens's motion to alter or amend the judgment.

Stephens appeals, and we reverse the summary judgment. Before the remand, both Jessup and the district court expressly recognized that Jessup was being sued "individually." In response to Jessup's motion to dismiss, Stephens asserted that he was "bringing this action *against Leslie Jessup in his individual capacity* acting under color of state law as a law enforcement officer." R. Doc. 8, at 1 (emphasis added). Jessup never claimed in response that he was sued in his official capacity only. To the contrary, in support of his contention that *res judicata* barred the action, he replied that Stephens was "asserting the same claims *against Leslie Jessup, individually,* that he asserted against Leslie Jessup as an agent of Oaklawn in the 2010 Lawsuit." R. Doc. 10, at 3 (emphasis added). Jessup continued by arguing that "[t]he judgment in favor of Oaklawn, sued alone, in the 2010 Lawsuit, is res judicata, or conclusive, as to the same claimed actions *against Defendant Jessup personally* in the present action." *Id.* (emphasis added). The district court, in granting Jessup's motion to dismiss, concluded that "Plaintiff is barred from relitigating these claims *against*

*Jessup individually.*" R. Doc. 21, at 4 (emphasis added). Although this court disagreed with the district court's conclusion about issue preclusion, we never questioned the assumption of the parties and the district court that Jessup was sued in his individual capacity.

We thus conclude that Jessup acquiesced in an unexpressed motion to amend the complaint to include individual-capacity claims against him, that a formal motion to so amend the complaint was not necessary, and that the complaint was correspondingly amended. *Cf. Wealot v. Brooks*, 865 F.3d 1119, 1130 (8th Cir. 2017) (Wollman, J., concurring). We need not address the denial of relief under Rule 59(e).

The judgment is reversed, and the case is remanded for further proceedings.

_____